IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE CROWDER, JR., | § | |
| TDCJ-CID NO. 703837, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-11-4130 |
| | § | |
| RICK THALER, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

      Petitioner Joe Crowder, Jr., a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his state court felony conviction. (Docket Entry No.1). For the reasons to follow, the Court will dismiss this habeas action with prejudice as time-barred.

I.  BACKGROUND

      Petitioner was convicted on February 9, 1995, of aggravated robbery in the 182nd District Court of Harris County, Texas, in cause number 665790. (Docket Entry No.1); Harris County District Clerk's website.[1] Punishment was assessed at forty-five years in TDCJ-CID. (*Id*.). Petitioner's conviction was subsequently affirmed and his petition for discretionary review ("PDR") was refused on October 22, 1997. *Crowder v. State*, No. 14-95-00178-CR, 1997 WL 399405 (Tex. App.—Houston [14th Dist.], pet. ref'd) (not designated for publication). Although petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court, his time to do so expired ninety days after the PDR was refused. Sup. Ct. R. 13.1. Thus, petitioner's conviction became final for purposes of federal habeas corpus review on or about January 20, 1998. *See* 28 U.S.C. § 2244(d)(1)(A). Public records show that petitioner filed two state habeas applications. The first one, filed on November 11, 1996, was dismissed on January 15, 1997, by the Texas Court

_____

[1] http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=cJ+FN5KTK (viewed November 6, 2012).

of Criminal Appeals because a direct appeal was pending.[2]   The second application was filed in state district court on August 10, 2011, and was denied without written order on the trial court's findings without a hearing on October 12, 2011.[3]

Petitioner executed the present federal habeas petition November 15, 2011.  (Docket Entry No.1, page 9).  Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  Petitioner seeks federal habeas relief on grounds of false imprisonment, ineffective assistance of counsel, inadmissible evidence from unlawful arrest, and insufficiency of the evidence to support the conviction.  (Docket Entry No.1).

## II.  STATUTE OF LIMITATIONS

Under the AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2]  http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=1782081 (viewed November 6, 2012).

[3]     http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=cJ+FN5KTK  (viewed  November  6, 2012); http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2461627 (viewed November 6, 2012).

> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).  The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320).  Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims.  *Id.* at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions.  *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).  Under the provisions of the AEDPA, petitioner's one-year limitation period began on January 20, 1998, the last day petitioner could have filed a petition for writ of *certiorari* in the United States Supreme Court.  That date triggered the one-year limitations period which expired on January 20, 1999.

The pendency of petitioner's first state habeas application did not toll the AEDPA limitations periods because the state application was not properly filed and dismissed.  *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004).  Petitioner's second state habeas application was filed on August 10, 2011, years after the expiration of the January 20, 1998, deadline; therefore, the tolling provisions found in § 2244(d)(2) do not apply.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Petitioner did not file a response to the Court's Order of December 14, 2011, which instructed him to file a written statement addressing the limitations bar and equitable tolling, if applicable.  Moreover, petitioner's pleadings and letters to the Court do not show that he has

pursued his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, __U.S.__, 130 S.Ct. 2549, 2560 (2010). Unexplained delays generally make the circumstances of a case not extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained six-month delay after the state court denied the state petition). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher,* 174 F.3d at 714.

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

### III.  CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the

district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

## IV. CONCLUSION

Accordingly, the Court ORDERS the following:

1.  Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2.  This cause of action is DISMISSED with prejudice.

3.  A certificate of appealability is DENIED.

4.  All other pending motions are DENIED.

The Clerk shall provide copies to the parties.

SIGNED at Houston, Texas, this 6th day of February, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE